UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEB NY FINANCIAL CORP.,

                        Plaintiff,

       -against-

GRACELAND PROPERTY LLC and SUN HEE
CHUN,

                      Defendants.
-----------------------------------------------------------x

10 Civ. 5911 (PKC)

AMENDED ORDER

P. KEVIN CASTEL, District Judge:

        This Amended Order corrects an error in the damages calculation that was set forth in the Court's order of January 10, 2011. Plaintiff commenced this action on August 5, 2010, when it filed a Complaint alleging breach of contract claims against the defendants. Subject matter jurisdiction is premised on complete diversity, and defendant Sun Hee Chun is alleged to be the sole member of Graceland Property LLC ("Graceland"). (Compl. ¶ 13.) Affidavits of service reflect that defendant Graceland was served on August 9, 2010, and defendant Chun was served on August 12. (Docket # 4, 5.)

        Neither defendant appeared at a pretrial conference of November 19, 2010, and neither has yet appeared in this case. In an order following the pretrial conference, I directed the plaintiff to move for default by December 20, 2010. (Docket # 6.) Defendants were served with the default motion on December 23. (Docket # 9.)

        The plaintiff's default motion complies with the Individual Practices of this Court, and it is therefore granted. As to damages, the plaintiff has submitted executed copies a loan agreement, guaranty and promissory note, which reflect that Gracleand promised to repay to the plaintiff $1,120,000, with defendant Chun acting as the loan's guarantor. (Har Dec. Ex. A.) The

Complaint seeks $1,108,548.94 in damages, $51,000.94 in interest, and $622.42 in late fees, with interest continuing to accrue at $269.44 per day, totaling $1,160,441.74. (Compl. ¶¶ 26, 28.) By the time that plaintiff filed its motion for default judgment, however, its damages calculations had decreased. The plaintiff now asserts that the loan remains outstanding in the amount of $1,108,548.94, but seeks damages of only $684,560.18, with $52,578.02 in interest, and $3,423.35 in late fees, with interest continuing to accrue at $166.39 per day. (Har Dec. ¶¶ 14, 22.) At the time that the plaintiff filed its motion for default judgment on December 20, 2010, these sums totaled $795,993.10, with interest continuing to accrue at $166.39 per day. (Har Dec. ¶ 26.) As of the date of this Order, the additional per diem interest totals $4,159.75, such that damages now total $800,152.85.

Plaintiff also claims entitlement to attorneys' fees and expenses, totaling $55,431.55. (Har Dec. ¶ 23.) The plaintiff asserts that it will separately submit to the Court documentation related to attorneys' fees "[d]ue to the confidentiality nature . . . ." (Har Dec. ¶ 23 & n.1.) Due to the lack of documentation, the plaintiff's request for attorneys' fees and expenses is denied without prejudice to renewal. To the extent that the plaintiff anticipates filings supplemental papers, any submissions it wishes to remain confidential must satisfy Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).

Plaintiff's motion for entry of a default judgment is GRANTED. Plaintiff is entitled to damages totaling $800,152.85, plus post-judgment interest. The Clerk is directed to enter judgment for the plaintiff.

SO ORDERED.

Dated: New York, New York
January 14, 2011

_____
P. Kevin Castel
United States District Judge